# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SAMMIE HENRY PETTIS, # 72630**                                    **PLAINTIFF**

**v.**                                                **CIVIL NO. 1:19cv356-HSO-JCG**

**PELICIA HALL, JOE ARRINGTON,**
**and WARDEN ANDREW MILLS**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Sammie Henry Pettis is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this Complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement. After review of the record and relevant legal authority, the Court finds that this case should be dismissed.

### I.    BACKGROUND

Sammie Henry Pettis ("Pettis") filed this case on July 1, 2019. Compl. [1] at 1. Pettis was previously housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. *Id.* at 2, 4. Defendants are SMCI's Superintendent Joe Arrington and its Warden Andrew Mills, and MDOC's Commissioner Pelicia Hall. Generally, Pettis complains that he was wrongfully placed on lockdown while at SMCI, *id.* at 4, and he challenges his living conditions during this time, Pl.'s Resp. [7] at 1-2.

Pettis alleges that Defendants placed him on lockdown from April 1, 2018, to May 17, 2019, even though he had committed no disciplinary offense. Compl. [1] at

4. Pettis contends that his entire housing unit was being punished for the infractions of a few inmates. *Id.* As a result of being placed on lockdown, Pettis claims he was deprived of privileges such as visitation and the ability to participate in various programs and prison jobs. Pl.'s Resp. [7] at 2-3; Compl. [1] at 5. Pettis also asserts that, as a consequence of the disciplinary action, he experienced unconstitutional conditions of confinement. Pl.'s Resp. [7] at 1-2. Pettis claims he was denied outside recreation and adequate clothing and was exposed to black mold. *Id.*

Plaintiff initiated this civil action under 42 U.S.C. § 1983, claiming violations of his rights to due process, freedom from cruel and unusual punishment, and his First Amendment rights to association and speech. *Id.* at 1, 8; Compl. [1] at 2, 5. Pettis seeks a declaratory judgment, injunctive relief, and compensatory and punitive damages. Compl. [1] at 6. Plaintiff is proceeding *in forma pauperis* in this case. Order Setting Payment Schedule [5] at 1.

This is not the first time Pettis has brought these same claims in this Court. Pettis has previously sued Hall, Warden Mills, and the Superintendent of SMCI for placing him on lockdown and denying him outdoor exercise in *Pettis v. Hall*, civil action number 1:19cv127 ("*Pettis I*"); *Pettis v. Hall*, civil action number 1:19cv354 ("*Pettis II*"); and *Pettis v. Hall*, civil action number 1:19cv355 ("*Pettis III*"). *Pettis v. Hall*, 1:19cv354 (S.D. Miss. Sept. 9, 2019); *Pettis. v. Hall*, 1:19cv355 (S.D. Miss. Jul. 1, 2019); *Pettis v. Hall*, 1:19cv127 (S.D. Miss. Mar. 7, 2019). The denial of visitation claim also appears in *Pettis I* and *Pettis III*. *Pettis III*, 1:19cv355 (S.D.

Miss. Jul. 1, 2019); *Pettis I*, 1:19cv127 (S.D. Miss. Mar. 7, 2019). The denial of programs claim was previously raised in *Pettis II* and *Pettis III*. *Pettis III*, 1:19cv355 (S.D. Miss. Sept. 9, 2019); *Pettis II*, 1:19cv354 (S.D. Miss. Jul. 1, 2019). Pettis's claims for denial of clothing and exposure to black mold appeared in *Pettis II* and *Pettis v. Hall*, civil action number 1:19cv357 ("*Pettis IV*"). *Pettis II*, 1:19cv354 (S.D. Miss. Sept. 9, 2019); *Pettis v. Hall*, 1:19cv357 (S.D. Miss. Jul. 1, 2019).

## II. DISCUSSION

A. The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. 28 U.S.C. § 1915(h). The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly,

the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the inmate "has already pleaded his 'best case'" and his "insufficient factual allegations [cannot] be remedied by more specific pleading," the Court may dismiss the action sua sponte. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Because the Court has permitted Pettis to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

B. <u>Pettis's claims</u>

Pettis sues Defendants under § 1983 for alleged wrongful discipline; denial of visitation, prison programs, outdoor recreation, and clothing; and exposure to black mold. Pettis presses these identical claims in *Pettis I*, *II*, *III*, and *IV*, all of which are still pending in this Court. A civil action may be dismissed if it is duplicative of another action pending in the same court. *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985). It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Because these claims were all previously raised in four pending cases, the Court finds that the present case is duplicative and therefore malicious, and should be dismissed.

### III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case should be and is hereby **DISMISSED** as malicious. The case is dismissed without

prejudice as to the pending lawsuits of *Pettis v. Hall*, civil action number 1:19cv127-LG-RHW; *Pettis v. Hall*, civil action number 1:19cv354-HSO-JCG; *Pettis v. Hall*, civil action number 1:19cv355-LG-RHW; and *Pettis v. Hall*, civil action number 1:19cv357-LG-RHW, and with prejudice in all other respects. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of October, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE